## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY D. RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY JAIL,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06800 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Gary D. Russell
Plaintiff Pro Se
1055 North 34th Street
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

## I.    INTRODUCTION

Plaintiff Gary D. Russell seeks to bring a civil rights complaint against Camden County Jail ("CCJ") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua*

*sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

For the reasons set forth below it is clear from the complaint that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff's Complaint states in its entirety: "I was incarcerated and staff made me sleep on the floor[.] [T]he county jail was over crowded [*sic*] so I had to sleep on the floor. My back started to hurt after you sleep on the floor over time. It was other inmates as well had to sleep on the floor. A few people I know and some family members knew what happened to me when I was locked up." Complaint § III(C).

With respect to alleged injuries sustained from these purported events, Plaintiff claims: "I have back problems and my legs start to hurt cause [*sic*] of that. I have problems sleeping at night because my back and legs be [*sic]* in pain." *Id*. § IV.

Plaintiff states that the alleged events giving rise to his claims occurred "2004, 1/2007, 2/2010, 9/2012. During these dates, I was locked up." *Id*. § III(B).

Plaintiff "would like compensation for my pain and suffering. Finatually [*sic*] I have problems finding a job because of my injuries." *Id.* § V.

## III. <u>STANDARD OF REVIEW</u>

To survive *sua sponte* screening under 28 U.S.C. § 1915(e)(2) for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. <u>DISCUSSION</u>

Plaintiff asserts claims against CCJ for allegedly unconstitutional conditions of confinement. Plaintiff states that the alleged events giving rise to his claims occurred "2004, 1/2007, 2/2010, 9/2012. During these dates, I was locked up." Complaint § III(B). Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury

and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of his detention in 2004, 2007, 2010, and 2012; therefore, the statute of limitations for Plaintiff's claims expired in 2014 at the latest, well before this complaint was filed in 2016. Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning the events of 2004, 2007, 2010, and 2012. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V.    CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.




**May 4, 2017**                    **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   Chief U.S. District Judge